| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321)<br>United States Attorney |
| 2 | |
| 3 | MARK L. KROTOSKI (CSBN 138549)<br>Chief, Criminal Division |
| 4 | ANDREW M. SCOBLE (CSBN 124940)<br>ALEXIS HUNTER (NYSBN 3939824) |
| 5 | Assistant United States Attorneys |
| 6 | 450 Golden Gate Ave.<br>San Francisco, California  94102 |
| 7 | Telephone:  (415) 436-7249<br>Fax:  (415) 436-7234 |
| 8 | E-Mail:    andrew.scoble@usdoj.gov<br>               alexis.hunter@usdoj.gov |
| 9 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                              )<br>           Plaintiff,                               )<br>                                                              )<br>      v.                                                   )<br>                                                              )<br>VINCE MING WAN,                          )<br>      a/k/a Nelson Wan,                       )<br>      a/k/a Phillip Hoang,                    )<br>ALEX WAI SHING FONG,              )<br>PHUNG VAN NGUYEN,                  )<br>KITTY YEE LI,                                   )<br>JAY YUAN,                                         )<br>MICHAEL YUK LAM LEUNG, and )<br>EDWIN GORDON TOY,                  )<br>                                                              )<br>           Defendants.                           )<br>_____ ) | No.: CR 06-0426 SI<br><br>[PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION | |

All defendants except Phung Van Nguyen appeared before the Court on September 1, 2006 at 11:00 a.m.  Phung Van Nguyen has never been arrested and is still being sought by the government as a fugitive.

/ /

1  At the hearing, the parties jointly requested a continuance of this case until
2  October 20, 2006 at 11:00 a.m.  At that next appearance, the parties will be expected to
3  discuss a motions hearing and briefing schedule.
4  The parties agreed in open Court, with their attorneys' concurrence, that this case
5  should be declared legally and factually complex, and that it is appropriate to exclude
6  from the otherwise applicable Speedy Trial Act computation the period from the
7  inception of the case through October 20, 2006.  The parties represented that the
8  underlying investigation pertains to three related prosecutions, all of which stem from the
9  same wiretap investigation.  The parties represented that the three cases in the aggregate
10 involve voluminous discovery (up to 150,000 pages, taking into account seized computer
11 data), include wiretap materials which pertain to some defendants in this case, and
12 involve search warrants and investigations by a number of local, state, and federal law
13 enforcement agencies.  Further, this case encompasses seven defendants.  Accordingly,
14 the parties agreed, the entire period from the inception of this case through and including
15 October 20, 2006, should be excluded from the otherwise applicable Speedy Trial Act
16 computation, because the legal and factual complexity renders it unreasonable to expect
17 adequate preparation for pretrial proceedings and for the trial within the otherwise
18 applicable time limits set forth in the Speedy Trial Act.
19 Based upon the above-described representations and the parties' agreement in open
20 Court, THE COURT FINDS THAT the ends of justice served by granting a continuance
21 from the inception of this case through and including October 20, 2006 outweigh the best
22 interest of the public and the defendants in a speedy trial, and that the case is so legally
23 and factually complex, due to the nature of the prosecution (including the volume and
24 range of discovery, and the nature of the underlying investigation) and the number of
25 defendants, that it is unreasonable to expect adequate preparation for pretrial proceedings
26 //
27 //
28 //

ORDER EXCLUDING TIME               2

1  and for the trial within the otherwise applicable time limits set forth in the Speedy Trial
2  Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).
3      Accordingly, THE COURT ORDERS THAT:
4      1.    This case is continued to October 20, 2006 at 11:00 a.m. for further
5  status and setting of motions.
6      2.    The period from the inception of this case through and including
7  October 20, 2006 is excluded from the otherwise applicable Speedy Trial Act
8  computation, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).
9      IT IS SO ORDERED.

11 DATED:

12     HON. SUSAN ILLSTON
    United States District Judge