SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW M. SCOBLE (CSBN 124940)
ALEXIS HUNTER (NYSBN 3939824)
Assistant United States Attorneys

   450 Golden Gate Ave.
   San Francisco, California 94102
   Telephone: (415) 436-7249
   Fax: (415) 436-6982
   E-Mail: andrew.scoble@usdoj.gov
             alexis.hunter@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> VINCE MING WAN, <br>     a/k/a Nelson Wan, <br>     a/k/a Phillip Hoang, <br> ALEX WAI SHING FONG, <br> PHUNG VAN NGUYEN, <br> KITTY YEE LI, <br> JAY YUAN, <br> MICHAEL YUK LAM LEUNG, and <br> EDWIN GORDON TOY, <br>     Defendants. | No.: CR 06-0426 SI <br><br> [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |

    All defendants except Kitty Li appeared with counsel before the Court on February 23, 2007 at 11:00 a.m. Kitty Li (whose appearance had been waived) appeared through her attorney, David Scopp.

    At the hearing, the parties jointly requested a further continuance of this case until

ORDER EXCLUDING TIME
[CR 06-0426 SI]

1  May 11, 2007 at 11:00 a.m.  The parties noted that the government would be filing a bill
2  of particulars on or before March 30, 2007, and all defense counsel would need time to
3  review it in order to determine how to proceed in the case, including evaluating any
4  impact on plea negotiations.  The parties also noted that some defense counsel, who are
5  newer to the case, are continuing to review discovery that has been previously provided.
6        The parties further agreed in open Court, with their attorneys' concurrence, that
7  this case should be declared legally and factually complex, and that for this reason and for
8  continuity of counsel, it is appropriate to exclude from the otherwise applicable Speedy
9  Trial Act computation the period from February 23, 2007 through and including May 11,
10  2007.  The Court also set that date for hearing on any motions to be timely filed
11  beforehand by Alex Fong.
12        As the parties have represented, the underlying investigation pertains to three
13  related prosecutions which stem from a single wiretap investigation.  These three cases in
14  the aggregate involve voluminous discovery (up to 150,000 pages, taking into account
15  seized computer data), include wiretap materials which pertain to some defendants in this
16  case, and involve search warrants and investigations by a number of local, state, and
17  federal law enforcement agencies.  Further, the instant case encompasses seven
18  defendants.  The government has previously filed bills of particulars in the two related
19  cases, and is in the process of preparing a bill of particulars for this case, to be filed on or
20  before March 30, 2007.  Accordingly, the parties agreed that the period from February 23,
21  2007 through and including May 11, 2007 should be excluded from the otherwise
22  applicable Speedy Trial Act computation, because the legal and factual complexity
23  renders it unreasonable to expect adequate preparation for pretrial proceedings and for the
24  trial within the otherwise applicable time limits set forth in the Speedy Trial Act, and
25  because failure to grant the continuance as requested would unreasonably deny the
26  defendants continuity of counsel.
27        Based upon the above-described representations and the parties' agreement in open
28  Court, THE COURT FINDS THAT the ends of justice served by granting a continuance

ORDER EXCLUDING TIME
[CR 06-0426 SI]                                    2

1 | from February 23, 2007 through and including May 11, 2007 outweigh the best interest of
2 | the public and the defendants in a speedy trial, and that the case is so legally and factually
3 | complex, due to the nature of the prosecution (including the volume and range of
4 | discovery, and the nature of the underlying investigation, and the potential impact of the
5 | bill of particulars to be filed by the government) and the number of defendants, that it is
6 | unreasonable to expect adequate preparation for pretrial proceedings
7 | and for the trial within the otherwise applicable time limits set forth in the Speedy Trial
8 | Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).  THE COURT
9 | FURTHER FINDS THAT failure to grant the continuance as requested would
10 | unreasonably deny the defendants continuity of counsel, within the meaning of 18 U.S.C.
11 | § 3161(h)(8)(A) & (B)(iv).

Accordingly, THE COURT ORDERS THAT:

1. This case is continued to May 11, 2007 at 11:00 a.m. for further status and possible setting of motions and/or trial, and for hearing on any motions that have been timely filed beforehand by defendant Alex Fong.

2. The period from February 23, 2007 through and including May 11, 2007 is excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B)(ii) & (iv).

IT IS SO ORDERED.

DATED:

_____
HON. SUSAN ILLSTON
United States District Judge

ORDER EXCLUDING TIME
[CR 06-0426 SI]                3