SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW M. SCOBLE (CSBN 124940)
ALEXIS HUNTER (NYSBN 3939824)
Assistant United States Attorneys

   450 Golden Gate Ave.
   San Francisco, California 94102
   Telephone: (415) 436-7249
   Fax: (415) 436-6982
   E-Mail: andrew.scoble@usdoj.gov
             alexis.hunter@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 06-0426 SI |
|    Plaintiff, | [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |
|    v. | |
| VINCE MING WAN, <br>   a/k/a Nelson Wan, <br>   a/k/a Phillip Hoang, <br>ALEX WAI SHING FONG, <br>PHUNG VAN NGUYEN, <br>KITTY YEE LI, <br>JAY YUAN, <br>MICHAEL YUK LAM LEUNG, and <br>EDWIN GORDON TOY, | |
|    Defendants. | |

All defendants except Edwin Toy appeared with counsel before the Court on May 11, 2007 at 11:00 a.m. Attorney Douglas Horngrad appeared specially for Dennis Roberts on behalf of defendant Edwin Toy (whose appearance was waived). Defendants Phung Van Nguyen and Alex Wai Shing Fong appeared in custody.

1  At the hearing, the parties jointly requested a further continuance of this case until
2  August 17, 2007 at 11:00 a.m.  The parties reported that the government's bill of
3  particulars (filed on March 30, 2007) was assisting defense counsel in their analysis of the
4  voluminous discovery, and counsel for Phung Van Nguyen noted that he had joined the
5  case relatively recently and so was still in the process of analyzing discovery.  The parties
6  requested further time in order to explore plea negotiations in greater depth.
7  The parties further agreed in open Court, with their attorneys' concurrence, that
8  this case should be declared legally and factually complex, and that for this reason and for
9  continuity of counsel, it is appropriate to exclude from the otherwise applicable Speedy
10  Trial Act computation the period from May 11, 2007 through and including August 17,
11  2007.
12  As the parties have represented, the underlying investigation pertains to three
13  related prosecutions which stem from a single wiretap investigation.  These three cases in
14  the aggregate involve voluminous discovery (up to 150,000 pages, taking into account
15  seized computer data), include wiretap materials which pertain to some defendants in this
16  case, and involve search warrants and investigations by a number of local, state, and
17  federal law enforcement agencies.  Possibly settlements in the other two cases are
18  expected to impact plea negotiations in this case.  Further, the instant case encompasses
19  seven defendants.  At the May 11, 2007 hearing, the government provided copies of bank
20  records, which it had  received recently, to four of the defendants.  The government
21  represented that these bank records and other accumulated discovery will be forwarded
22  shortly to Colour Drop for Bates numbering and digitizing.   Accordingly, all defendants
23  and the government agreed that the period from May 11, 2007 through and including
24  August 17, 2007 should be excluded from the otherwise applicable Speedy Trial Act
25  computation, because the legal and factual complexity renders it unreasonable to expect
26  adequate preparation for pretrial proceedings and for the trial within the otherwise
27  applicable time limits set forth in the Speedy Trial Act, and because failure to grant the
28  continuance as requested would unreasonably deny the defendants continuity of counsel.

ORDER EXCLUDING TIME
[CR 06-0426 SI]                              2

1        The Court advised all parties that it expects to set any necessary trial dates, or to
2 set dates for accomplishing of plea resolutions, at the next hearing of this case.
3        In addition, defendant Alex Fong requested a briefing schedule for his
4 contemplated motion attacking the charges against him; defendant Jay Yuan noted the
5 possibility that he might join in such a motion. The parties jointly requested a briefing
6 and hearing schedule as follows: defendant's (or defendants') motion to be filed on or
7 before June 29, 2007; the government's opposition to be filed by July 20, 2007; any
8 defense reply brief to be filed by August 3, 2007; the hearing to be held on August 17,
9 2007.
10        Based upon the above-described representations and the parties' agreement in open
11 Court, THE COURT FINDS THAT the ends of justice served by granting a continuance
12 from May 11, 2007 through and including August 17, 2007 outweigh the best interest of
13 the public and the defendants in a speedy trial, and that the case is so legally and factually
14 complex, due to the nature of the prosecution (including the volume and range of
15 discovery, the nature of the underlying investigation, and the recently filed bills of
16 particulars) and the number of defendants, that it is unreasonable to expect adequate
17 preparation for pretrial proceedings and for the trial within the otherwise applicable time
18 limits set forth in the Speedy Trial Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A)
19 & (B)(ii). THE COURT FURTHER FINDS THAT failure to grant the continuance as
20 requested would unreasonably deny the defendants continuity of counsel, within the
21 meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).
22        Accordingly, THE COURT ORDERS THAT:
23        1.    This case is continued to August 17, 2007 at 11:00 a.m. for status and for
24 scheduling of plea resolutions or trial setting, and for hearing on the motion of defendant
25 Alex Fong (and, possibly, of defendant Jay Yuan). That motion shall be filed by June 29,
26 2007; the government's opposition shall be filed by July 20, 2007; and the defense reply,
27 if any, shall be filed by August 3, 2007.
28 //

ORDER EXCLUDING TIME
[CR 06-0426 SI]                                 3

1  2. The period from May 11, 2007 through and including August 17, 2007 is
2  excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18
3  U.S.C. § 3161(h)(8)(A) & (B)(ii) & (iv).
4  IT IS SO ORDERED.

7  DATED: _____
         HON. SUSAN ILLSTON
8        United States District Judge

ORDER EXCLUDING TIME
[CR 06-0426 SI]                            4