1 | SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

2

3 | BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

4 | ANDREW M. SCOBLE (CSBN 124940)
Assistant United States Attorney

5

6 | 450 Golden Gate Ave.
San Francisco, California 94102
Telephone: (415) 436-7249

7 | Fax: (415) 436-6982
E-Mail: andrew.scoble@usdoj.gov

8

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 06-0426 SI |
| Plaintiff, | [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |
| v. | |
| VINCE MING WAN,<br>   a/k/a Nelson Wan,<br>   a/k/a Phillip Hoang,<br>ALEX WAI SHING FONG,<br>PHUNG VAN NGUYEN,<br>KITTY YEE LI,<br>JAY YUAN,<br>MICHAEL YUK LAM LEUNG, and<br>EDWIN GORDON TOY, | |
| Defendants. | |

All defendants appeared with counsel before the Court on August 17, 2007 at 11:00 a.m. Attorney Claire Leary appeared specially for Randy Sue Pollock on behalf of defendant Jay Yuan. Defendants Phung Van Nguyen and Alex Wai Shing Fong appeared in custody. The United States appeared through Assistant U.S. Attorney Andrew M Scoble.

1    At the hearing, the parties jointly requested a further continuance of this case until
2 October 12, 2007 at 11:00 a.m.  That date has already been set, through stipulated order,
3 as the new hearing date on defendant Fong's motion to dismiss the indictment.
4 Government counsel noted that informal plea discussions have taken place with counsel
5 for four of the defendants, although they have not yet resulted in settlement agreements.
6 Government counsel also reported that plea negotiations have proceeded in the two
7 related cases (CR 05-0375 SI and CR 06-0428 SI), and that any settlements – particularly
8 settlements involving cooperation agreements – in those factually intertwined cases will
9 very likely impact settlement discussions in the instant case.  Further, counsel for Phung
10 Van Nguyen has joined the case fairly recently, and government counsel has attempted to
11 point out materials in the discovery that are most pertinent to his client.  The parties all
12 requested further time in order to continue plea negotiations, which they hope will obviate
13 the need for at least some settlement conferences.
14    The parties further agreed in open Court, with their attorneys' concurrence, that
15 this case should be declared legally and factually complex, and that for this reason and for
16 continuity of counsel, it is appropriate to exclude from the otherwise applicable Speedy
17 Trial Act computation the period from August 17, 2007 through and including October
18 12, 2007.
19    As the parties have represented, the underlying investigation pertains to three
20 related and factually intertwined prosecutions which stem from a single wiretap
21 investigation.  These three cases in the aggregate involve voluminous discovery (up to
22 150,000 pages, taking into account seized computer data), include wiretap materials
23 which pertain to some defendants in this case, and involve search warrants and
24 investigations by a number of local, state, and federal law enforcement agencies.
25 Settlements – including especially settlements with cooperation agreements – in the other
26 two cases are expected to impact plea negotiations in this case.  Similarly, the outcome of
27 defendant Fong's motion to dismiss may well impact settlement discussions in this seven-
28 defendant case.  Accordingly, all defendants and the government agreed that the period

ORDER EXCLUDING TIME
[CR 06-0426 SI]                                              2

1  from August 17, 2007 through and including October 12, 2007 should be excluded from
2  the otherwise applicable Speedy Trial Act computation, because the legal and factual
3  complexity renders it unreasonable to expect adequate preparation for pretrial
4  proceedings and for the trial within the otherwise applicable time limits set forth in the
5  Speedy Trial Act, and because failure to grant the continuance as requested would
6  unreasonably deny the defendants continuity of counsel.

7  Based upon the above-described representations and the parties' agreement in open
8  Court, THE COURT FINDS THAT the ends of justice served by granting a continuance
9  from August 17, 2007 through and including October 12, 2007 outweigh the best interests
10 of the public and the defendants in a speedy trial, and that the case is so legally and
11 factually complex, due to the nature of the prosecution (including the volume and range
12 of discovery, the nature of the underlying investigation, and the intertwined nature of this
13 case with the two related case, CR 05-0375 SI and CR 06-0428 SI) and the number of
14 defendants, that it is unreasonable to expect adequate preparation for pretrial proceedings
15 and for the trial within the otherwise applicable time limits set forth in the Speedy Trial
16 Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) & (B)(ii).  THE COURT
17 FURTHER FINDS THAT failure to grant the continuance as requested would
18 unreasonably deny the defendants continuity of counsel, within the meaning of 18 U.S.C.
19 § 3161(h)(8)(A) & (B)(iv).

20 Accordingly, THE COURT ORDERS THAT:
21 1. This case is continued to October 12, 2007 at 11:00 a.m. for status and for
22 reporting of the progress on plea discussions (including the expected timing of any
23 ongoing plea discussions), for possible setting of motions and trial dates, and for hearing
24 on defendant Alex Fong's motion to dismiss.
25 //
26 //
27 //
28 //

ORDER EXCLUDING TIME
[CR 06-0426 SI]                                3

2. The period from August 17, 2007 through and including October 12, 2007 is excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B)(ii) & (iv).

IT IS SO ORDERED.

DATED: _____

HON. SUSAN ILLSTON
United States District Judge