JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California
    Telephone: (415) 436-7249
    Facsimile: (415) 436-6982
    E-Mail: nicole.kim@usdoj.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> VINCE MING WAN, <br>     a/k/a Nelson Wan, <br>     a/k/a Phillip Hoang, <br> ALEX WAI SHING FONG. <br> PHUNG VAN NGUYEN, <br> KITTY YEE LI, <br> JAY YUAN, <br> MICHAEL YUK LAM LEUNG, and <br> EDWIN GORDON TOY, <br>     Defendants. | Crim. No. 06-0426 SI <br><br> (PROPOSED) ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION |

    The parties appeared before the Court on December 18, 2007 at 11:00 a.m. Defendant Fong appeared in custody, represented by Claire Leary. Attorney Randy Sue Pollock appeared on behalf of defendant Yuan. Attorney Douglas Horngrad appeared on behalf of defendant Wan, and also appeared specially for Tony Tamburello on behalf of defendant Nguyen, and for Dennis

Order Excluding Time
Crim. No. 06–0426 SI

1

Roberts on behalf of defendant Toy. Attorney Juliana Drous appeared on behalf of defendant Leung, and attorney John Hemann appeared on behalf of defendant Li. The United States appeared through Assistant U.S. Attorneys Andrew M. Scoble and Nicole M. Kim.

At the hearing, the parties jointly requested a further continuance of this case until February 15, 2008. Government counsel noted that informal plea discussions have taken place with counsel for various of the defendants, although they have not yet resulted in settlement agreements. Government counsel also reported that plea negotiations have proceeded in the two related cases (Crim. No. 05-0375 SI and Crim. No. 06-0428 SI), and that any settlements -- particularly settlements involving cooperation agreements -- in those factually intertwined cases will very likely impact settlement discussions in the instant case. Government counsel further noted that two recent U.S. Supreme Court decisions regarding sentencing may affect settlement negotiations and that additional time is needed in order for the Government to receive guidance from the U.S. Department of Justice regarding the decisions' effect on such negotiations. The parties all requested further time in order to continue plea negotiations, which they hope will obviate the need for at least some formal settlement conferences.

The parties further agreed, with their attorneys' concurrence, that this case is legally and factually complex, and that for this reason, and for the aforementioned reason regarding the appropriate guidance from the U.S. Department of Justice, it is appropriate to exclude from the otherwise applicable Speedy Trial Act computation the period from December 7, 2007 through February 15, 2008.

As the parties have represented, the underlying investigation pertains to three related and factually intertwined prosecutions which stem from a single wiretap investigation. These three cases in the aggregate involve voluminous discovery (up to approximately 150,000 pages, taking into account seized computer data), include wiretap materials which pertain to some defendants in this case, and involve search warrants and investigations by a number of local, state, and federal law enforcement agencies. Settlements -- including especially settlements with cooperation agreements -- in the other two cases are expected to impact plea negotiations in this

Order Excluding Time
Crim. No. 06–0426 SI

2

case. Accordingly, all defendants and the Government agreed that the period from December 7, 2007 through and including February 15, 2008 should be excluded from the otherwise applicable Speedy Trial Act computation, because the legal and factual complexity renders it unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the otherwise applicable time limits set forth in the Speedy Trial Act.

Based upon the above-described representations and the parties' agreement in open Court, THE COURT HEREBY FINDS THAT the ends of justice served by granting a continuance from December 7, 2007 through and including February 15, 2008 outweigh the best interests of the public and the defendants in a speedy trial, and that the case is so legally and factually complex, due to the nature of the prosecution (including the volume and range of discovery, the nature of the underlying investigation, and the intertwined nature of this case with the aforementioned two related cases), and the number of defendants, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial within the otherwise applicable time limits set forth in the Speedy Trial Act, within the meaning of 18 U.S.C. §§ 3161(h)(8)(A) and (B)(ii).

ACCORDINGLY, THE COURT ORDERS THAT:

1. This case is continued to February 15, 2008 at 11:00 a.m. for status and for reporting of the progress on plea discussions (including the expected timing of any ongoing plea discussions), and for possible setting of motions and trial dates.

2. The Government is to prioritize plea negotiations with defendant Fong since that defendant remains in custody.

3. The period from December 7, 2007 through and including February 15, 2008 is excluded from the otherwise applicable Speedy Trial computation, pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(ii).

IT IS SO ORDERED.

Order Excluding Time
Crim. No. 06–0426 SI

3

1
2  DATED: January ____, 2008
3
4  _____
   HON. SUSAN ILLSTON
5  United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Excluding Time
Crim. No. 06–0426 SI

4